1

2

3

4

5

6

7

8

9                         **UNITED STATES DISTRICT COURT**

10                            **DISTRICT OF NEVADA**

11

12  ELISANDRO MENDOZA,              )        3:10-cv-00736-HDM-VPC
                                    )
13                 Petitioner,      )
                                    )
14  vs.                             )        ORDER
                                    )
15  IMMIGRATION AND NATURALIZATION  )
    SERVICE and NEVADA ATTORNEY     )
16  GENERAL,                        )
                                    )
17                 Defendants.      )
    _____

18
        Petitioner is prisoner Elisandro Mendoza who was convicted of
19
    one count of sexual assault and sentenced to ten (10) years to life
20
    imprisonment in 2007 in Douglas County District Court in Nevada.
21
    See Docket # 1-1.  He is now serving his prison sentence at
22
    Lovelock Correctional Center in Nevada. *Id*.  His projected release
23
    date is June 16, 2016. *Id*.  He claims that the United States
24
    Immigration and Naturalization Service (now part of the Department
25
    of Homeland Security and hereinafter referred to as such) has a
26
    detainer for removal (formerly termed deportation) against him. *Id*.
27
     Mendoza is not a United States citizen. *Id.*  Mendoza's sexual
28

                                    1

assault conviction would qualify as a removable criminal offense under 8 U.S.C. § 1227(a)(2). See also INA § 237(a)(2)(I); INA § 101(a)(43); 8 U.S.C. § 1101(a)(43)(A). It would also make Mendoza inadmissable for purposes of naturalization under 8 U.S.C. § 1182(a)(2)(A)(i)(I). See also INA § 212(a)(2)(A)(i)(I); INA § 101(a)(43); 8 U.S.C. § 1101(a)(43)(A). Mendoza moves this court through a writ of habeas corpus for an order that would entitle him to invoke the Interstate Agreement on Detainers, 18 U.S.C. Appendix, and obtain a speedy deportation hearing. See Docket # 1-1. Alternatively, he asks to remain in prison and be granted U.S. citizenship. *Id.*

## I.    Habeas Corpus

Mendoza filed his request for relief as a 28 U.S.C. § 2254 writ of habeas corpus. Mendoza's motion was filed in improper form. His motion should <u>not</u> be construed as a habeas petition. See *Argiz v. United States Immigration*, 704 F.2d 384 (7th Cir. 1983)(petitioner-appellant filed similar motion under Interstate Agreement on Detainers, district court erroneously construed it as a petition for habeas corpus).

Mendoza's suit is against the I.N.S. and the Nevada Attorney General. He is currently in the custody of the Nevada State Prison system and not in the custody of the Department of Homeland Security (D.H.S.). He is not contesting his incarceration for his sexual assault conviction and he has not alleged that his constitutional rights in that context have been violated. Rather, his petition is directed at the immigration notice of detainer issued against him.

An immigration notice of detainer alone does not subject a prisoner to D.H.S. custody. See *Kurbegovic v. INS*, 1993 WL 128075 (N.D.Cal. April 20, 1993) (incarcerated immigrants cannot obtain relief under a writ of habeas corpus because an INS notice of detainer alone does not subject a prisoner to INS custody); *Prieto v. Gluch*, 913 F.2d 1159, 1162 (6th Cir. 1990); Orozco v. U.S.I.N.S., 911 F.2d 539, 541 (11th Cir. 1990); *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988); *United States ex. rel. Marcello v. District Director*, 634 F.2d 964, 969 (5th Cir. 1981). An immigration detainer does not purport to affect a prisoner's status as a sentenced offender, but merely notifies prison officials that a decision regarding his removal will be made by D.H.S. at some future date. *Campillo*, 853 F.2d at 595.  The detainer does not alter a prisoner's status as a custodial detainee of the prison system. *Id.*  It does not require the prison to "hold" a prisoner past the date of his incarceration. *Id.*  Mendoza may not challenge the detainer by way of habeas corpus until he is placed in the custody of D.H.S., an event that will not occur until he is released from his present term of confinement. *Id*.

Where a petitioner is not in the custody of the Department of Homeland Security, there can be no habeas jurisdiction over petitioner's claims against the I.N.S. *Id.*  Thus, Mendoza is not in custody for the purposes of a writ of habeas corpus and he has failed to state a claim against the I.N.S. under 28 U.S.C. § 2254. However, the court will consider Mendoza's petition as a motion for an order entitling him to invoke the Interstate Agreement on Detainers or, in the alternative, a petition for naturalization.

## II.   Interstate Agreement on Detainers, 18 U.S.C. Appendix

"The Sixth Amendment provides that 'in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...' The Interstate Agreement on Detainers ... [is a] statutory means for effectuating this right. The Agreement provides for the speedy disposition of detainers based on 'untried indictments, informations, or complaints.'" *Argiz v. United States Immigration*, 704 F.2d 384 (7th Cir. 1983).  A detainer is understood to be "a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face criminal charges in another jurisdiction." *Id.*; see also Senate Report No. 91-1356, U.S. Code Cong. & Adm. News, 1970, Vol. 3 at 4864-65.

Immigration deportation proceedings are not criminal proceedings.  *Id*.  They are civil in nature and are not conducted by a court of the United States. *Id.*; see also *Woodby v. Immigration & Naturalization Service*, 385 U.S. 276, 285 (1966). Therefore, an immigration charge cannot be classified as an "untried indictment, information, or complaint" within the meaning of the Agreement. *Id.*  Accordingly, there is no relief available to Mendoza under the Interstate Agreement on Detainers.

## III. Jurisdiction and Standing

Even if Mendoza was entitled to relief, this court does not have the authority to grant it.  Only the Attorney General of the United States has the authority to remove an alien. 8 U.S.C. § 1231(a)(4)(A), (B).  It is within the sole discretion of the Attorney General to remove an alien prior to the completion of his

4

prison sentence. 8 U.S.C. § 1231(a)(4)(A)(the Attorney General may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment); 8 U.S.C. § 1231(a)(4)(B)(the Attorney General is authorized to remove an alien, if the Attorney General determines that the alien is confined pursuant to a conviction for a nonviolent offense,[1] or the alien's removal is appropriate and in the best interest of the United States); *Tamayo v. Holder*, 2009 WL 2488032 (C.D.Cal. 2009)(court lacked authority to initiate deportation order); *United States v. Tinoso*, 327 F.3d 864, 866 (9th Cir. 2003)(determination of whether an alien is subject to deportation resides in the Executive Branch). Furthermore, "a district court cannot sua sponte issue a deportation order without a request from the United States Attorney." *United States v. Marin-Castaneda*, 134 F.3d 551, 556 (3d Cir. 1998)(district court lacked authority to depart downward in sentence because of Attorney General's statutory power to deport alien before completion of prison term). Thus, this court does not have the authority to expedite Mendoza's removal proceedings.

In addition, 8 U.S.C. § 1231(a)(4)(D) states that imprisoned aliens have no private right to speedy removal. Specifically, aliens "imprisoned, arrested, or on parole, supervised release, or

---

[1] Mendoza was not convicted of a nonviolent offense. Sexual assault would be considered an aggravated felony under INA § 101(a)(43) and 8 U.S.C. § 1101(a)(43)(A). It is also a crime a of moral turpitude. See INA § 212(a)(2)(A)(i)(I); 8 U.S.C. § 1182(a)(2)(A)(i)(I); INA § 237(a)(2)(I); 8 U.S.C. § 1227(a)(2)(A). Both subject aliens to removal. *Id.*

probation" cannot assert a cause or claim "under this paragraph against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien." 8 U.S.C. § 1231(a)(4)(D); *United States v. Aispuro*, 127 F.3d 1133, 1134 (9th Cir. 1997)(an alien has no private right of action to compel the Attorney General to remove him from the United States prior to the completion of his sentence); *Tamayo*, 2009 WL 2488032 (C.D. Cal. Aug. 12, 2009)(no private right of action to compel deportation).

For the foregoing reasons, Mendoza has also failed to state a claim against the Nevada Attorney General. See 8 U.S.C. § 1231(a)(4)(D)(incarcerated alien cannot assert a cause or claim against any official of any State to compel his release, removal, or consideration for release or removal).

**IV.   Naturalization**

Lastly, this court does not have the authority to grant Mendoza U.S. citizenship under the circumstances. "[T]he power to make someone a citizen of the United States has not been conferred upon the federal courts, like mandamus or injunction, as one of their generally applicable equitable powers." *INS v Pangelinan*, 486 U.S. 875, 883-84 (1988). The federal courts' responsibility in exercising the naturalization power, which the Constitution delegates to Congress through U.S. Const. art. I, § 8, cl. 4, must "be performed in strict compliance with the terms of an authorizing statute which says that '[a] person may be naturalized ... in the manner and under the conditions prescribed in this subchapter, and not otherwise.'" 486 U. S. at 884 (quoting 8 U.S.C. § 1421(d)); see

also *United States v. Ginsberg*, 243 U. S. 472, 474 (1917)(An alien
who seeks political rights as a member of this Nation can
rightfully obtain them only upon terms and conditions specified by
Congress. Courts are without authority to sanction changes or
modifications; their duty is rigidly to enforce the legislative
will with respect to a matter so vital to the public welfare.).
"'Once it has been determined that a person does not qualify for
citizenship, . . . the district court has no discretion to ignore
the defect and grant citizenship'" absent a constitutional
violation in the process. *Fedorenko v. United States*, 449 U.S. 490
(1981)(citation omitted); see also 8 U.S.C. § 1252(a)(2)(C)
("Notwithstanding any other provision of law ... no court shall
have jurisdiction to review any final order of removal against an
alien who is removable by reason of having committed a criminal
offense covered in" 8 U.S.C. § 1182 (a)(2) or 1227 (a)(2)(A)(iii),
(B), (C), or (D) or 1227 (a)(2)(A)(I) or (ii).); REAL ID Act of
2005, Pub.L. No. 109-13, 119 Stat. 231, 310-11 (eliminating federal
habeas corpus jurisdiction over final orders of removal in favor of
petitions for review that raise constitutional claims or questions
of law).  The relief Mendoza seeks is not available.

Mendoza's motion is DENIED.


It is so ORDERED.

DATED: This 9th day of December, 2010.

_____
UNITED STATES DISTRICT JUDGE

7